### LAZAROFF v. SHAPIRO.

(Supreme Court, Appellate Term.  December 16, 1908.)

JUDGMENT (§ 138*)—BY DEFAULT—SETTING ASIDE DEFAULT—RIGHT TO RELIEF.
    Where plaintiff and defendant had agreed upon a settlement of mutual claims, but defendant had not paid the sum agreed on, and was notified five days before a default judgment was taken against him that, unless he paid, judgment would be taken for plaintiff's entire claim, and he knew the date set for trial, but ignored the matter, he could not have the default opened especially where his affidavit failed to show the merits of his claim, merely stating that he "had a counterclaim for goods sold and delivered."

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 250; Dec. Dig. § 138.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jennie Lazaroff, administratrix, against Isaac Shapiro.  There was a default judgment for plaintiff, and, from the judgment

and on order denying a motion to open the default, defendant appeals. Appeal from judgment dismissed, and order affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Engel Bros., for appellant.

Steiner & Peterson, for respondent.

HENDRICK, J. The defendant appeals from a judgment taken upon default, and also from an order denying his motion to open such default. The appeal from the judgment must be dismissed. The plaintiff sued upon a check made by the defendant, payable to the plaintiff's intestate, for the sum of $150. It is urged by the defendant that he has a just counterclaim for goods sold and delivered, and that prior to the bringing of this action by the plaintiff an agreement had been reached, by the terms of which the plaintiff was to be paid the amount of the check less the amount of defendant's counterclaim, and that, relying upon such agreement, the defendant failed to appear at the time the case was called for trial. On the other hand, the plaintiff's affidavits read upon the motion to open the default show that over two months before the action was begun the plaintiff had tacitly agreed to accept a sum less than the total amount of her claim; that such claim was considered doubtful, and that this arrangement was made to avoid litigation; that at least five days before the judgment was taken against the defendant the defendant's attorneys were notified by letter; that, unless the amount agreed upon to be accepted by plaintiff was paid, judgment would be taken for the full amount of plaintiff's claim. No attention was paid to this letter. The defendant therefore knew the date set for trial, and the course that would be taken if the terms of the settlement were not complied with. Defendant's affidavit fails to show the merits of the defendant's claim, merely containing the bald statement that he "had a counterclaim for goods sold and delivered." The defendant is not deprived of relief as his right to bring an action to recover upon his claim still exists.

Appeal from judgment dismissed, and order affirmed, with costs. All concur.